Statement of Facts.

## JOHN NEELY v. JOHN BAIR.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
OF YORK COUNTY.

Argued May 20, 1891—Decided October 5, 1891.

(a) A rule of court provided that if the plaintiff should file with his declaration or statement a specific averment of facts sufficient to support his claim, verified by affidavit, and served on the defendant or his counsel of record, such material averments of fact as were not denied by affidavit filed with or before plea pleaded, should be taken as admitted.

(b) A statement of claim in assumpsit averred the sale and delivery of certain chattels by the plaintiff to the defendant, on a day certain and at a price agreed upon at the time. The affidavit of defence did not deny the sale, delivery, or price of the chattels, as thus averred, but set up a substantive defence of matters in avoidance of all liability to the plaintiff:

1. In such case, it was error to refuse the plaintiff's offer of the statement of claim and affidavit of defence, as evidence of the sale, delivery, and price of the property. Under said rule of court, these facts were not only undenied, but distinctly admitted by the defendant, and the plaintiff had the right to rest upon the prima-facie case thus presented.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 425 January Term 1891, Sup. Ct.; court below, No. 56 August Term 1889, C. P.

On June 18, 1890, John Neely brought assumpsit against John Bair, filing, on August 13th, a statement of claim in substance averring:

That on June 26, 1884, the plaintiff, as administrator of Thomas Neely, deceased, sold and delivered to the defendant one black horse, of the price and value of $425; and one top wagon or buggy, one buggy tongue, and one set of double harness, together of the price and value of $155; that these said prices for the said property were the prices agreed upon between the plaintiff and defendant at the time of the sale and delivery thereof; that the defendant, though legally bound to pay the plaintiff the said sums, had not paid the same, except the sum of $69.74 paid by him on August 12, 1890, and that

there were no items of credit to which the defendant was entitled, except as above stated. Said statement of claim was verified by the plaintiff's affidavit, and on August 13, 1890, was served upon the defendant's attorneys then of record, under the rule of court relating thereto.

On August 25, 1890, the defendant filed an affidavit of defence, in which it was averred that the defendant had a just, legal and complete defence to the whole of the plaintiff's claim, the nature and character of which was in substance as follows:

That the said Thomas Neely, at the time of his death, to wit, on May 30, 1884, was indebted to the defendant in the sum of $510.26; that, after the death of said Thomas Neely, the property set out in the statement of claim, being part of the estate of said Thomas Neely, came into the possession of the administrators of the said estate; that on June 26, 1884, John Neely, the plaintiff, one of the said administrators, sold the said property to the defendant for the prices set forth in the statement, upon the express contract and agreement that the purchase money therefor should be applied to the full payment, satisfaction and extinguishment of defendant's said individual account of $510.26 against the said Thomas Neely, and that the defendant should pay to the plaintiff the difference between said account and the amount of said purchase money, to wit, $69.74, which said difference was paid by the defendant to the said plaintiff before the bringing of this suit; that when the defendant received the said property from the plaintiff, he at once entered a credit for the amount of the purchase money, thereby fully extinguishing said account, and that when the said suit was brought the defendant did not owe nor was he indebted to the plaintiff, either individually or as one of the administrators of said Thomas Neely, for said property or any portion thereof.

The rule of court, and portions of the statement of claim and affidavit of defence, are quoted in the opinion of the Supreme Court.

At the trial on February 2, 1891, under the pleas, non-assumpsit, payment, set-off, and the statute of limitations, the plaintiff offered the statement of claim and proof of service thereof in evidence. The offer was objected to, on the special

Opinion of Court below.

ground that it was not accompanied by an offer of the affidavit of defence, which was necessary that the court might determine what material averments of the statement were denied by the defendant.

The plaintiff then offered the affidavit of defence in connection with the plaintiff's statement, for the purpose of showing that the defendant had not denied "the sale, or price of the goods sold." Objected to.

By the court: It is not contended that there is any other affidavit filed, except the affidavit of defence. It appearing from the affidavit of defence, just offered in evidence in connection with the offer first made, that the material matters set forth in the plaintiff's statement entitling him to recover in the case, are sufficiently denied to put the plaintiff upon proof, the offer is overruled and excluded; exception.[1]

The plaintiff making no further offers of evidence, on motion of defendant's counsel, the court, BITTENGER, J., entered a judgment of nonsuit, with leave, etc.

A rule to show cause why the judgment of nonsuit should not be lifted having been argued, the court, LATIMER, P. J., and BITTENGER, J., concurred in an opinion filed in part as follows:

We have carefully heard and considered this application, and adhere to the opinion that the court was right in its action in ordering the judgment of nonsuit to be entered, for the following reasons:

1. The affidavit of defence is a substantial denial of the specific averments of fact, set out in the plaintiff's statement and affidavit. The affidavit of defence, in substance, alleges the receipt of the personal property described in the statement, and for the recovery of the value of which this suit is brought, in payment of a debt due the defendant by Thomas Neely, deceased, at the time of his death, on an agreement with the plaintiff who was the administrator of said Thomas Neely, deceased. The defendant further swears that he "does not owe and is not indebted to said John Neely, either individually, or as one of the administrators of said Thomas Neely, deceased, for said horse, buggy, buggy tongue and set of harness, or for any of said several pieces of property, or for the purchase money therefor, or for any part or portion thereof."

Opinion of Court below.

The defendant denies the existence of the contract on which
the plaintiff claims the right to recover by suing individually,
and disclaiming as administrator of Thomas Neely, deceased.
The defendant denies in said affidavit any indebtedness to the
plaintiff, either as an individual or in his representative capacity,
for the goods described in the statement. He furthermore as-
serts a payment by the administrator of said Thomas Neely,
deceased, in kind, by these goods, of the debt due by the plaint-
iff's intestate, at the time of his decease, to the defendant, and a
credit of said payment on his book-account evidencing said in-
debtedness.

This affidavit of defendant is full and strong enough, and
sufficient in law, to prevent the admission in evidence of the
plaintiff's statement under the rule of the court: McCloy v.
Maffett, 59 Pa. 344; Hultz v. Gibbs, 66 Pa. 360; Thorne v.
Insurance Co., 80 Pa. 15; Kaiser v. Fendrick, 98 Pa. 528;
Corcoran v. Trich, 20 W. N. 372; Kountz v. Oil Ref. Co., 72
Pa. 392.

2. The only matter of substance contained in the plaintiff's
statement, not denied in the defendant's affidavit, was the re-
ceipt by the defendant from the plaintiff, of the property de-
scribed in the statement, and the price of the same. The entire
statement and plaintiff's affidavit, with the affidavit of service,
and affidavit of defence, were embraced in one offer. A plaint-
iff's statement or narr cannot be a proper instrument of evidence
in his behalf. Certainly, these portions of the statement ma-
terial to the plaintiff's case, the truth of which was denied by
the defendant, under the rule were not admissible: Kaiser v.
Fendrick, supra. The offer as a whole could not be admitted,
and was properly excluded. The court is not bound, when an
offer is objected to, to separate the part admissible from that
which is inadmissible: Smith v. Arsenal Bank, 104 Pa. 518.

3. If the offer had been admitted as made, and the plaintiff
rested, as his counsel proposed, he would have proved by the
affidavit of defence, included in the offer, that he was not en-
titled to recover, and the court would, on motion being made
by defendant's counsel, have been constrained to order a judg-
ment of nonsuit: Pittsb. etc. R. Co. v. Gazzam, 32 Pa. 340.

If the plaintiff shall suffer a hardship by reason of the judg-
ment of the court, it is his own fault. He was present at the

Opinion of the Court.

trial, sitting by his counsel at the counsel table. All the facts sworn to by him in his statement, which he struggled to have admitted in evidence, were in his mind and knowledge. Both the plaintiff and his counsel had ample notice of the exclusion of his offer of evidence under the objection of defendant's counsel, and the pendency of a motion for judgment of nonsuit, yet the plaintiff did not take the witness stand or give any competent evidence to sustain his claim and action. He did not even give any reason for his failure to do so.

And now, February 19, 1891, the motion to set aside the judgment of nonsuit in this case is overruled; exception.[2]

—Thereupon, the plaintiff took this appeal and assigned for error:

1. The refusal of the plaintiff's offer.[1]
2. The refusal to lift the judgment of nonsuit.[2]

*Mr. H. C. Niles* (with him *Mr. W. F. Bay Stewart* and *Mr. George E. Neff*), for the appellant.

Counsel cited: § 3, act of May 25, 1887, P. L. 271; Wickersham v. Russell, 51 Pa. 71; Schupp v. Schupp, 17 W. N. 236; Endlich on Aff. of D., § 359; Bowen v. De Lattre, 6 Wh. 429; Kauffelt v. Leber, 9 W. & S. 93; Grier v. Huston, 8 S. & R. 401; Wolfersberger v. Bucher, 10 S. & R. 10; Stephens v. Cotterell, 99 Pa. 188; Steel v. Steel, 12 Pa. 64; Singerly v. Swain, 33 Pa. 102; Harris v. Dennis, 1 S. & R. 236.

*Mr. N. M. Wanner* (with him *Mr. Cochran* and *Mr. Williams*), for the appellee.

Counsel cited: Kountz v. Oil Ref. Co., 72 Pa. 396; Hultz v. Gibbs, 66 Pa. 362; Thorne v. Insurance Co., 80 Pa. 15; Kaiser v. Fendrick, 98 Pa. 528; Corcoran v. Trich, 20 W. N. 372; Smith v. Arsenal Bank, 104 Pa. 521.

OPINION, MR. JUSTICE STERRETT:

In his statement of claim, verified by affidavit, the plaintiff avers, in substance, that, as administrator of Thomas Neely, deceased, he sold and delivered to defendant, on June 26, 1884, " one black horse, of the price and value of $425, and one top wagon or buggy," etc., " of the price and value of $155;" that these were the prices agreed upon between the parties at the

time of the sale and delivery of said property; that the defendant, though legally bound and liable to pay the plaintiff the said sums of money, according to the terms of said sale and delivery, has refused and still refuses to pay the same, or any part thereof, except the sum of $69.74 which he paid on August 12, 1890; that there are no items of credit on said claim or account to which the defendant is entitled, excepting as above stated; and that the remainder of said sums, with interest from June 26, 1884, still remains due and unpaid. To this is appended a statement showing " balance due August 13, 1890, $698.03," to recover which this suit is brought.

This statement and affidavit of claim having been duly served, as required by rule of court, the defendant filed an affidavit of defence in the nature of confession and avoidance of the cause of action set forth in plaintiff's statement. He says that on the twenty-sixth day of June, 1884, " the plaintiff, as one of the administrators of the said Thomas Neely, sold to the defendant the said black horse, buggy, buggy tongue and set of harness, mentioned in said plaintiff's statement, for the respective prices therein set forth," but, by way of avoidance of the liability springing from this explicit admission, he immediately adds, " upon the clear, distinct, and express contract and agreement, made and entered into by and between the said John Neely, as one of said administrators, and this defendant, at the time of said sale, that the purchase money for said black horse, buggy, buggy tongue and set of harness, mentioned in said plaintiff's statement and amounting in the aggregate to $580, should be appropriated and applied to the full payment, satisfaction, and extinguishment of the said defendant's individual account of $510.26 against the said Thomas Neely," etc. It is true he avers, in the beginning of his affidavit, that " he has a just, legal, and complete defence to the whole of the plaintiff's claim;" and in the concluding sentence he avers " that he does not owe and is not indebted to the said John Neely, either individually, or as one of the administrators of the said Thomas Neely, deceased, for said horse, buggy, buggy tongue and set of harness, or for any one of said pieces of property, or for the purchase money therefor, or for any part or portion thereof." These averments are, of course, referable solely to the defence set up in avoidance of the liability resulting from the undisputed

fact that the property was sold and delivered to defendant at the time and for the consideration mentioned. It cannot be pretended that they refer to anything else.

If the defence thus disclosed were presented in the form of a special plea, it would be a confession of plaintiff's cause of action, coupled with allegations of fact in avoidance thereof, —a plea in confession and avoidance, under which the onus probandi would be on the defendant.

On the trial, plaintiff claimed that, under the rule of court, the facts upon which his claim was based were, in effect, admitted, and that he had a right to rest . upon that admission until evidence in avoidance thereof was introduced by defendant. The learned court thought otherwise, and finally entered judgment of nonsuit, which it afterwards refused to take off. Hence this appeal. The rule referred to is as follows :

" 11. If the plaintiff shall file with his declaration or statement a specific averment of facts sufficient to support his claim, verified by affidavit, and serve a copy on the defendant or his counsel of record, such items of claim and material averments of fact as are not denied by the defendant, by affidavit filed with or before plea pleaded, shall be taken as admitted."

The object of this and similar rules of court, obviously, is to dispense with the formal proof, on trial, of all such facts and circumstances, material to the plaintiff's case, as the defendant shall be required to deny under oath, which facts, if not so denied as required by the rule, shall, for the purposes of trial, be taken as admitted. A proper system of practice under such rules greatly facilitates and expedites the trial of causes, and often relieves the jury from the consideration of a heterogeneous mass of testimony bearing upon facts which the defendant cannot deny, but which plaintiff would otherwise be required to establish by formal proof. The controversy is thus narrowed down to such items of claim and material matters of fact as are really disputed. In such cases, it is the province of the court to examine the respective affidavits, and thus ascertain what items of claim, and averments of fact in support thereof, are not denied by defendant, and then confine the testimony to such items of claim and material averments of fact as are denied. I have known cases in which the items of claim were as many as twenty or more, and the averments of fact in support of them

even more numerous. On examination of the verified statement of claim and affidavit of defence, it would perhaps be found that a very small percentage of these was denied. All that is necessary, in such cases, is to confine the testimony to such material averments of fact as are denied by defendant's affidavit; and, in submitting the case to the jury, to call their attention to the items of claim and averments of fact that are not denied, and should therefore be accepted as established, and instruct them as to those that are denied, etc. The "specific averment of facts" contemplated by the rule need not be separate and distinct from the plaintiff's statement of claim. If the latter is as full and as specific as it should be, it will answer all the purposes of a separate specific averment of facts, under the rule of court.

The subject of complaint in the first specification of error is the rejection of the plaintiff's offer to show, by the plaintiff's statement, filed under the rule above quoted, and the defendant's affidavit, the sale, delivery, and price of the property. The offer shows that the attention of the court was called to the fact that neither the sale, nor the price of the property sold and delivered by the plaintiff to the defendant, as averred in the statement of claim, was denied, and that plaintiff proposed to rest upon the admission under the provisions of the rule. This was specially objected to because "the affidavit of defence, which is necessary in order that the court may determine what material points have been denied by the defendant," etc., was not offered in connection with plaintiff's statement. The objection was met by an offer of the affidavit of defence in connection with plaintiff's statement, "for the purpose of showing that the defendant has not denied the sale or price of the goods sold." Of course, this offer was to the court, and was doubtless so understood by the learned judge who presided at the trial. His reason for ruling against the plaintiff, as stated by himself, was "that the material matters, set forth in the plaintiff's statement, entitling him to recover in the case, are sufficiently denied to put the plaintiff upon proof." In this he was clearly in error. Why put the plaintiff upon proof of the sale and delivery of the horse and other articles specified in plaintiff's statement, when, as we have already seen, the fact of the sale, including price and delivery, as claimed by plaintiff, is not only undenied,

Opinion of the Court.

but distinctly admitted by the defendant. The averment of
" complete defence," denial of liability, etc., are referable to the
defence set up by way of avoidance. . As well might the plaint-
iff, in an issue on a formal plea in confession and avoidance, be
required to make out a prima-facie case by calling witnesses to
prove the very matters confessed. Suppose, in a suit on an or-
dinary promissory note, the defendant has filed a verified state-
ment, averring the making and delivery of the note by the
defendant, etc., and the latter, in his affidavit of defence, admits
the making and delivery of the note as alleged, but avers that
at the time it was so made and delivered it was expressly agreed
that it should be paid in merchandise on or before its maturity,
that payment in merchandise was duly tendered, etc., and that
he is not indebted to the plaintiff, etc. What propriety would
there be in requiring the plaintiff to make out his case by tes-
timony showing the making and delivery of the note? Such a
construction of a wise and salutary rule would not only need-
lessly impair its usefulness, but it would have nothing, either in
reason or authority, to sustain it. It follows from what has
been said, that the plaintiff had a right to avail himself of the
defendant's admissions, under the rule, of the sale and delivery
of the horse and other articles as averred, and rest upon the
same until something, by way of defence, was shown by the de-
fendant.

It is suggested that plaintiff had no right to sue in his indi-
vidual capacity. The ruling of the court was not based on any
such ground, and we express no opinion in regard to it. The
plaintiff was improperly nonsuited, and of course, the refusal
to take off the nonsuit was error. Both specifications are sus-
tained.

Judgment reversed, and procedendo awarded.