## Stauffer *v.* Manheim Mut. Fire Ins. Co., Appellant.

*Fire insurance policy—Waiver of conditions.*

A condition in a policy of fire insurance requiring written notice of privilege to make alterations in insured premises may be waived by acquiescence and collection of premiums on the part of the company.

So also an insurance company may waive a condition requiring proof of loss, by notifying the insured, in a case of total loss, that the insurance would be paid in full.

Argued May 17, 1892. Appeal, No. 93, Jan. T., 1892, by defendant, from judgment of C. P. Lancaster Co., Oct. T., 1890, No. 70, on verdict for plaintiff, John H. Stauffer. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Assumpsit on fire insurance policy.

The evidence, on the trial before PATTERSON, J., was to the following effect: Plaintiff insured his four story brick tobacco warehouse in Lititz borough in defendant company, a mutual company, through the agency of Johnson Miller, a director of the company and agent and surveyor in Lititz. At the time of the application the building was heated by stoves but steam heat was being put in. The alterations were completed in two weeks after the policy was issued. The fire was a total loss. Plaintiff testified that he notified Miller of the loss and asked him if he should notify the company and Miller said it was not necessary. Plaintiff further testified that he notified the president and secretary of the company by telephone and they came down and made an appraisement, and that the secretary afterwards said the company would pay the full insurance.

The policy contained clause requiring proof of loss giving statement how fire originated, how premises were used at time of fire, other insurances, etc. Also clause that alterations not exceeding ten days could be made without notice to the company, but "any extension of this privilege must be previously consented to by the secretary in writing, otherwise it will be void." The by-laws contained stipulations that "whenever any alterations, etc., shall be made to any buildings insured, application shall be made to the secretary or agent, who shall examine the premises and certify his opinion whether the haz-

ard be thereby increased or not; and if not increased the treasurer shall have a certificate thereof and the secretary shall enter on the record of such policy 'altered but not endangered.' But in case the secretary or agent shall find that such alterations or additions increase the hazard, he shall say to what amount and give to the insurer a certificate thereof, and take an additional note for such hazard; and the secretary shall enter a minute thereof on the record of said policy."

There was a further stipulation in the policy that the company should not be bound by any act or statement made to or by the agent, restricting its rights or varying its written or printed contracts, unless inserted in the application in writing.

Plaintiff was allowed to testify, under objection and exception, that Miller at the time the application was signed was down in the cellar and saw the boiler for the steam heater and said it would make it more secure; and that after the policy was issued and the steam heating apparatus was in and all complete, Miller frequently saw it and as agent of the company collected assessments that were levied upon the premium note. [2–5]

Witnesses for plaintiff, experienced builders and machinists, testified under objection and exception, that steam heat was safer than stoves. [1, 7]    An insurance agent called by defendant was not allowed to answer a similar question. [6]

To defendant's 3d and 4th points, to the effect that there could be no recovery because the alterations took two weeks after the policy was issued, and the agent could not waive the written conditions, the court answered in substance that if Miller communicated the putting in of the boiler and engine to the company and they acquiesced in it and ratified and acted upon it they would be bound, and could not set up the violated condition. [8, 9]

To defendant's 5th and 6th points, to the effect that there could be no recovery because there was no proof of loss, the court charged in substance that where there was a total loss proof of loss was not required. [10, 11]

The court also refused binding instructions for defendant. [12]

Verdict and judgment for plaintiff.    Defendant appealed.

*Errors assigned* were (1–7) rulings on evidence, quoting

bills of exception and evidence; (8–12) instructions, quoting points and answers.

*John A. Malone, J. L. Steinmetz* with him, for appellant.

*Brown & Hensel,* not heard, for appellee.

PER CURIAM, July 13, 1892.—Judgment affirmed.


# Bachler *v.* Cooper, Appellant.

*Entire contract—Performance—Disputed evidence—Submission.*

Where the evidence as to the performance of an entire contract was conflicting, the court properly left the question to the jury.

Argued May 18, 1892.    Appeal, No. 441, Jan. T., 1892, by defendant, Wm. J. Cooper, from judgment of C. P. Lancaster Co., Feb. T., 1889, 'No. 27, on verdict for plaintiff.    Before PAXSON, C. J., STERRETT, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit for balance of price of steam heating apparatus.

The evidence, on the trial, before LIVINGSTON, P. J., was to the following effect: Plaintiff agreed to supply defendant's hotel with a steam heating apparatus necessary to heat certain rooms and all the halls and entries on all the floors, guaranteeing seventy degrees of heat in zero weather, except in the entries, which were to have no less than sixty degrees.    Plaintiff testified that the apparatus would furnish the heat required if properly managed, that he had estimated the heating surface and that it was sufficient, and had made a test in January and found heat enough, but he did not try the thermometer to see what it was outside.    Plaintiff further testified that he put no radiator on the fourth floor, but that the plant would furnish sufficient heat there as he had arranged it.    Defendant gave evidence to show insufficient heat.

Defendant's points were as follows:

" 1. The contract on which suit was brought having provided that all the apartments to which heat is furnished are to have automatic air valves, nickel plated, and the hall or entry on the fourth story of the back building being one of the said apartments, and to which plaintiff admitted heat was to