## Latimore *v.* Dwelling House Ins. Co., Appellant.

*Fire insurance—Pleading—Averments not denied by affidavit of defence— Proof—Practice, C. P.*

In an action on a fire insurance policy where the only defence alleged in the pleadings is that the loss occurred after the expiration of the policy, defendant will not be permitted at the trial to prove that no proof of loss was made by plaintiff, where a rule of court provides that no evidence will be heard as to facts not alleged in the papers on file.

Argued Nov. 2, 1892. Appeal, No. 158, Oct. T., 1892, by defendant, from judgment of C. P. No. 2, Allegheny Co., July T., 1891, No. 50, on verdict for plaintiffs, C. D. Latimore & Bro. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit on policy of fire insurance on personal property destroyed by fire Nov. 20, 1890. Plea, non assumpsit.

Plaintiff's statement averred that "due proof and evidence of said loss was conveyed to and received by said company, and that said company on the 27th day of February, 1891, refused to pay said loss or any part thereof, for the reason that said policy had expired on the 29th day of October, 1890, and that said company has alleged no other reason, and that there is no disagreement between plaintiffs and said company as to the amount of loss sustained by plaintiffs; that plaintiff has complied with all the necessary and legal requirements of said policy." The affidavit attached to the statement set forth that "said defendant company refused to pay said claim on the ground, alleging no other reason, that the said policy had expired on the 29th day of October, 1890."

The affidavit of defence set up that "it did issue a policy of insurance to the above named plaintiffs, dated October 29th, 1889, for the term of one year from date thereof; but the said policy had expired prior to the alleged loss by fire. The defendant sometime after the alleged fire, received a paper purporting to be a proof of loss, but the said alleged proof of loss was rejected by the defendant for the reason that it did not represent any loss for which the company defendant was liable."

On the trial before WHITE, J., plaintiffs offered in evidence the policy, countersigned at Pittsburgh, Oct. 29, 1892, insuring plaintiff's property in this case from Oct. 29, 1889, until Oct. 29, 1892. Also affidavit of claim in this case in so far as it is not denied by defendant's affidavit of defence.

Defendant's counsel objected to the offer of the policy upon the, ground that it states upon its face that it is a policy for three years, and dated Oct. 29, 1892, while his statement alleges that it is a policy for two years, and dated Oct. 29, 1889. Objection overruled. [1]

Plaintiff then gave evidence to show that the policy was by mistake dated Oct. 29, 1892, the time of its expiration.

Defendant offered in evidence proof of loss for the purpose of showing that the property insured in this case was, in this proof of loss, stated by plaintiff, under oath, to belong to another party. The proof of loss contained this statement, among others: "The property described in said policy belonged at the time of fire, hereinafter mentioned, to Rush estate (for which Francis H. Torrence is agent) in fee simple, and no other person

or persons had any interest therein." Objected to as incompetent under the pleadings.

By the Court: It is not an issue in the case under the pleadings, but in addition to that on the face of the offer it appears that the real estate belonged to the Rush estate, and not the property in suit. Objection sustained and exception. [2]

Defendant's points were as follows:

"1. That proper notice of loss, in writing, as required by the terms of the policy, was not given to the defendant, and the jury must find for the defendant." Refused. [3]

"2. That no 'statement' was rendered to the defendant within 30 days after the fire,' as required by the policy, and the jury must find for the defendant." Refused. [4]

The court charged in part as follows:

["The defence is, however, that there was a mistake in the policy, that it was intended as a one-year policy, although on its face it is a three-year policy, and that is the only question before you.] [5] Was there a mistake in this policy? Was it issued by mistake for three years in place of one year, and did the plaintiff know of the mistake?"

On the trial defendant offered to file a supplemental affidavit by his counsel denying that any proof of loss was furnished within the time specified by the policy. Refused on the ground that it was too late under the rules of court.

Verdict and judgment for plaintiff for $270. Defendant appealed.

On motion for new trial, defendant alleged that the jurat to plaintiffs' statement was not signed by the prothonotary.

Rule 8, §§ 1 and 4 of the court below, is as follows:

"Sec. 1. In all actions on . . . . policies of insurance . . . . or other instruments of writing for the payment of money . . . the plaintiff shall file with or before his declaration a specification of the items of his claim, together with a statement of the facts necessary to support it, verified by affidavit, to which defendant shall, within the time hereinafter specified, file an answer verified by affidavit, and such items of the claim and material averments of fact as are not directly and specifically traversed and denied by the answer shall be taken as admitted."

"Sec. 4. No evidence will be heard upon the trial of the cause as to any facts not substantially alleged or referred to as

a ground of action or matter of defence in the statements then on file in the cause. Either party may at any time before the cause is placed on the trial list, supplement his affidavit, as of course, giving notice thereof in writing to the opposing counsel, within ten days of the filing of such supplemental affidavit; but after the cause has been placed on the trial list such supplemental affidavit shall be filed only by special allowance of the court, and upon such terms as to notice, costs and continuance as may be deemed just and proper under all the circumstances of the case."

*Errors assigned* were (1–5) above rulings and instructions, quoting instructions, offers and rulings, but not bills of exceptions.

*Samuel J. Graham,* for appellant.—The affidavit of defence law should have strict construction: Yates v. Boro., 56 Pa. 21; Wall v. Dovey, 60 Pa. 213. Plaintiff must comply with the statute: Knapp v. Oil Co., 53 Pa. 190; Gottman v. Shoemaker, 86 Pa. 31; Marlin v. Waters, 127 Pa. 177. Failure of notice will forfeit the insurance: Beatty v. Ins. Co., 66 Pa. 18; Trask v. Ins. Co., 29 Pa. 198.

*John C. Haymaker,* for appellee.—The case was properly tried, under the rules of court. The omission of the signature to the jurat was unimportant: Pottsville Boro. v. Curry, 32 Pa. 443. When notice and proofs of loss are averred by the insured and not denied by the pleadings, plaintiff is not called upon to prove them: 2 Wood, Fire Ins., 2d ed., p. 949; Fox v. Ins. Co., 53 Me. 107.

PER CURIAM, January 3, 1893:

We must treat this case as it was treated at the trial below. The court submitted to the jury the only question raised by the pleadings, viz.: "Was the policy in suit issued originally for one or three years, and was there any mistake in the issuing of it, known at the time by the assured?" This question of fact was fairly submitted to the jury, who found in favor of the plaintiff.

Judgment affirmed.