## Maurice Ernest *v.* R. L. Wible, Appellant.

*Practice, C. P.—Discretion of trial judge as to quantum of necessary proof.*

The appellate court will not reverse because the trial judge rejects proof of a certain fact which the court assumes to be true in the charge to the jury, or where the party whose proof has been rejected has not been injured by the rejection because the fact which he offered to prove has been otherwise proved in the trial.

*Partnership transaction—Question for jury.*

The case is for the jury under proper instructions where the question turns on whether the contract sued on was an individual or partnership transaction.

Argued May 8, 1899. Appeal, No. 80, April T., 1899, by defendant, from judgment of C. P. Armstrong Co., June T., 1897, No. 2, on verdict for plaintiff. Before Rice, P. J., Orlady, W. W. Porter, W. D. Porter and Beeber, JJ. Affirmed. Opinion by Beeber, J.

Assumpsit. Before Rayburn, P. J.

It appears from the record that this case was before the Superior Court on appeal from a former trial where the appellate court reversed a judgment for the plaintiff, reported in 8 Pa. Superior Ct. 216.

It appears from the evidence that there was testimony tending to show that defendant entered into a contract to put down

an oil or gas well on the farm of Abe Flick; that Flick entered into a contract with Wible to furnish the coal necessary to run the engine in putting down the well, which contract was turned over to plaintiff to furnish the coal under the contract. Ernest brought suit against Wible individually for the debt, claiming that the goods were sold directly to the plaintiff individually. Defendant set up the defense of partnership and R. L. Wible being on the stand the court sustained the objection to the offer of defendant, which offer and objection are as follows:

["Q. Now, you said that you had paid some of these bills, just tell me some of them."

Mr. Patton: We object; that is immaterial.

The Court: Oh, no; we will sustain the objection.

Mr. Peart: We offer to show by the witness on the stand that he, during the putting down of this well and after its completion, paid various bills to different parties for material furnished and work done in the putting down of this well, which bills were charged to Wible & Stoup, and which he paid as partnership bills. This for the purpose only of showing that there was a bona fide partnership between them, and that they both paid bills of the partnership in putting down the well.

Mr. Patton: That is objected to, first, as irrelevant; second, it would be the act of the partners among themselves in the absence of the plaintiff, and would not be binding on him.

The Court: We will sustain the objection, and on request of defendant, exception allowed and sealed.] [1]

John A. Stoup, one of the alleged partners, being on the stand, the court sustained the objection to the offer of defendant, which offer and objection are as follows:

[Mr. Peart: How much was John H. Rebold's bill?

Mr. Patton: We object to that.

The Court: It doesn't make any difference about that.

Mr. Peart: For the purpose of showing the action of these people with reference to this partnership, that there was a regular partnership, and Maurice Ernest knew it.

" Q. How did you settle with Rebold, by giving him a note?"
A. Yes, sir, by note. Q. Whose names were to that note?
A. My name and Wible's."

The Court: No, that is declarations of the parties now, in their favor.

578 ERNEST *v.* WIBLE.

Statement of Facts—Assignment of Errors. [10 Pa. Superior Ct.

Mr. Peart: We propose to prove by the witness on the stand that, in the putting down of this well he settled various bills for work done and material furnished, signed R. L. Wible's name to some papers as partners, with Wible's knowledge and consent, and did various other things as a partner in the putting down of this well. This for the purpose of showing to the jury that it was a bona fide partnership.

Mr. Patton: We object to that first, as irrelevant; second, it would be the acts and declarations of the alleged partners in the absence of the plaintiff; and third, it is not proposed to show that Maurice Ernest, the plaintiff, had any knowledge of these transactions before he contracted the debt.

The Court: We will sustain the objection, and on request of defendant, exception allowed and sealed.] [2]

The plaintiff submitted the following point, which point and answer are as follows :

1. That if the jury believes from the evidence that R. L. Wible agreed to be held individually liable for the plaintiff's bill, and the plaintiff completed his contract upon the faith of the promise of R. L. Wible that he would lose nothing if he completed the contract, then the defendant in this case would be liable, and the verdict of the jury should be for the plaintiff, for such an amount as he has shown he is entitled to under the evidence. *Answer :* That point we affirm.

The defendant submitted the following points, which were affirmed by the court:

4. That if the contract for hauling at $3.00 and $4.00 per day by Maurice Ernest, was made with R. L. Wible and John A. Stoup as partners, or by either of them for the partnership work, and Maurice Ernest knew that they were partners and made the contract with them as partners, or with either of them for the partnership, then he cannot recover for that amount.

7. That unless R. L. Wible made these contracts, or one of them, with Maurice Ernest individually and not for the partnership, or unless he afterwards assumed an individual liability for them to Maurice Ernest, the plaintiff cannot recover.

Verdict and judgment for plaintiff for $219.05. Defendant appealed.

*Errors assigned* were (1, 2) to rejection of defendant's offers of evidence, reciting same.

*W. L. Peart*, for appellant.—The first objection to the offer is fully answered in Ernest v. Wible, 8 Pa. Superior Ct. 216. The second objection is answered by the court when it permits the defendant to testify that there was a partnership. If it is admissible for the defendant to set up the defense that the debt is a partnership debt, then it follows that evidence of the partnership is admissible, and conclusively that the best obtainable evidence of a bona fide partnership is admissible. If it is competent for defendant to testify that there was a partnership, why is it not competent to prove the acts of the partners?

It is true that the fact of a partnership would not be a complete defense, but it is one step, one link in the chain of evidence of the defendant and is admissible : Johnston v. Warden, 3 Watts, 101.

The acts and declarations of partners are admissible to prove a partnership : Johnston v. Warden, 3 Watts, 101 ; Shaifer v. Randolph, 99 Pa. 250 ; Reed v. Kremer, 111 Pa. 482 ; Guyer v. Port, 155 Pa. 322.

John A. Stoup is not a party to this action and is testifying directly against his own interest. If we establish our offer no one can for one moment doubt but that there was a bona fide partnership, and if the evidence is competent it is not for the court to limit us.

*R. L. Ralston*, with him *W. D. Patton* and *Boyd S. Henry*, for appellee.—The offers of the defendant as set forth in both assignments of error were properly refused by the court below. The fact that a partnership of some kind existed between R. L. Wible and John A. Stoup is not disputed by the plaintiff.

The testimony was properly rejected for the reason that the acts and declarations of parties are not admissible in their favor. It is true that acts, declarations and admissions of partners are admissible in certain cases to prove partnership. The cases cited by the appellant are examples of this kind.

The only question in this case is upon whose credit Maurice Ernest furnished the coal for drilling this well. This is a question under all the evidence in the case, for the jury, and was properly submitted to it by the court below. From their verdict the jury found that Maurice Ernest furnished the coal and did the hauling upon the credit of R. L. Wible. The

defendant in his offer to show the acts of R. L. Wible and John A. Stoup in regard to the partnership, did not propose to show that these acts were committed in the presence of nor within the knowledge of Maurice Ernest. If admitted it could not have affected the only question in the case, that is, upon whose credit was the coal furnished and the labor done?

OPINION BY BEEBER, J., July 28, 1899:

This suit was brought to recover the amount due for coal and wood furnished to defendant and another person engaged in drilling an oil well and for hauling done for them whilst so engaged. The plaintiff sought to recover from the defendant alone, upon the ground that the contract was made with him as an individual, and that he promised to pay the amount due. The defense was that the contract was not the contract of the defendant as an individual, but that it was a partnership or firm contract made by the defendant on behalf of the firm. This was the only point at issue between the plaintiff and defendant. There was no substantial dispute as to the amount due. The plaintiff testified that he knew there was a partnership and he knew that his work and material were furnished for the benefit of an operation in which the firm was engaged. The defendant testified that there was a partnership and that the debt was contracted by him in the name of and for the benefit of the partnership; he also called the other member of the partnership who testified substantially to the same effect. Not satisfied with the admission of the plaintiff that there was a partnership and that he knew it, and with the testimony of the defendant and the other member of the firm to the same effect, the defendant further offered in evidence acts of the members of the firm out of the presence of the plaintiff as further evidence of the existence of the partnership. The offer of the proof of those acts was excluded by the court below and the propriety of this ruling is raised by the assignments of error.

We are well satisfied that the exclusion of this evidence was proper. There is no doubt of the general rule that the acts and declarations of the partners may be admitted in evidence against them in a suit where the issue is whether there was a partnership or not. Further discussion of this question is unnecessary. Cleaver v. Hilberry, 116 Pa. 431, and Thomas v. Miller, 165

Pa. 216, are sufficient authorities to justify the exclusion of this offer.

Even if wrong as to this we would not reverse on account of the refusal of this proof. The proof was offered to prove a partnership. The defendant did prove this, first, by the admission of the plaintiff himself, and second, by the testimony of the defendant, and the other person alleged to be a partner. With such proof before the jury it is clear under the authorities that a refusal to allow further proof to the same effect would not be ground for reversal. Where the court below rejects proof of a certain fact which it assumes to be true in the charge to the jury, or where the party whose proof has been rejected has not been injured by the rejection, because the fact which he offered to prove has been otherwise proved in the trial, the rejection of such offer, even though erroneous is not ground for reversal: Evans v. See, 23 Pa. 88; Ormsby v. Ihmsen, 34 Pa. 462; Coates v. Wallace, 4 Pa. Superior Ct. 253; Jacoby v. Westchester Fire Ins. Co. of New York, 10 Pa. Superior Ct. 171; 1 P. &. L. Dig. of Dec. & Ency. of Pa. Law, 1050, Nos. 1597 to 1614 inclusive. We think that the existence of this partnership was so clearly established that even if the court below was wrong in not admitting further evidence of its existence it would not be ground for reversal. The court below must be permitted to have the power to decide whether a fact in a given case has been sufficiently established without requiring further proof when the existence of such fact is sworn to by both plaintiff and defendant. The case was submitted to the jury with a clear explanation of the exact point at issue between the parties. The jury was distinctly told that there could be no recovery if the contract had been made by the defendant in the name of and for the benefit of the firm. The jury found against the defendant's evidence on that subject. There was sufficient evidence to justify their finding. It is not for us to say that it was wrong.

Judgment affirmed.