## Washington Beneficial Society *versus* Bacher.

1. Under the constitution and by-laws of the society each member, in time of sickness, was entitled to receive three dollars per week, and the members were severally bound to contribute to the funds of the society such sums of money and monthly dues as the society may by their by-laws declare. In an action by a member against the society on account of his illegal expulsion, it was *held* that the secretary of the society, who was a member of it, being liable to assessment to pay the amount which might be recovered in the suit, was not a competent witness on the part of the society.

2. Under the constitution and by-laws of the society a member was entitled to 24 hours' notice before his expulsion: *held*, that where such notice was not given or waived and the expulsion took place in the absence of the member, he was entitled to recover damages *to the extent of the injury*.

3. The omission duly to notify the member rendered the expulsion invalid, and neither the minutes of the proceedings of the society nor oral testimony of what the secretary, who served the notice, stated to the society at the meeting when the expulsion was directed, were evidence on the part of the society.

ERROR to the Common Pleas of *Lehigh County*.

This was an issue joined between Amos Bacher, as plaintiff, and The Washington Beneficial Society of the Borough of Allentown, as defendant.

In January, 1843, Bacher was admitted as a member of the said society; but was expelled therefrom on the 11th September, 1848. He made application to the Common Pleas for a rule to show cause why a *mandamus* should not issue for his restoration to membership; and an issue was directed as above stated.

By an article of the by-laws, it was provided that a member of twelve months' standing was entitled to receive *three dollars per week*, when declared by judges to be in such state of bodily or mental disease as to make him a proper subject for the benefits of the society: and by another article it was provided that, if any member, whilst in the receipt of the weekly allowance, was detected at his occupation or any other business or employment, except giving orders or instruction for his business, he was liable to expulsion and forfeiture of all rights and interest in the funds of the society.

In another article it was provided, that no member shall be expelled without having first had a copy of the charge or charges exhibited against him (except in certain specified cases), certified

[Washington Beneficial Society *v.* Bacher.]

from the minutes by the secretary and delivered at his usual resi-
dence at least *twenty-four hours* before; and, in case of his neglect
to attend, he shall be considered guilty and expelled accordingly.

. On the trial, there was offered in evidence, on the part of
*plaintiff*, a notice to Bacher to appear at the next stated meet-
ing of the society. The notice was signed by the secretary,
and was dated on 9th, and was served on the 11th September,
1848. The paper was objected to, principally as not containing
the whole of the notice. Its admission was excepted to.

There was next offered a written communication to the society
from the attorney of the plaintiff, requesting his reinstatement.
The paper was read at a meeting of the society. Its admission
was excepted to.

It was also proved, under objection, that the secretary. of the
society, who served the notice upon Bacher to appear, stated that
the notice was served upon him only an hour or two before the
meeting was held at which he was expelled.

Bacher was not present at the meeting of the society when he
was expelled.

*On the part of the society*, it was offered to prove by P. H. Lehr,
the secretary, that the plaintiff waived all irregularities in the
notice, at the time of its service, and that he promised to attend the
meeting. He was objected to, as incompetent, on the ground of
interest, and was rejected.

On the part of the society, it was also offered to prove the state-
ment made by the secretary to the society, on the evening of the
expulsion, in regard to the notice which he served on Bacher. It
was rejected.

The minute-book and record of the proceedings of the society,
at meetings on 14th August and 11th September, 1848, were
offered. They were rejected.

Evidence was given with the view to show that Bacher had per-
formed labor or attended to business whilst receiving the allowance
out of the funds of the society.

JONES, J., charged the jury, *inter alia*, that the Court could
examine only into *the regularity* of the proceedings of the society,
not their *justice* (see 8 *W. & Ser.* 247–250; 4 *Barr* 519): 3 *Harris*
251, Commonwealth for Fischer *v.* The German Society. He sub-
mitted to the jury, whether a copy of the charge exhibited against
Bacher, certified from the minutes by the secretary, was delivered
at his residence, at least 24 hours before the trial before the
society. He charged, that the society had no right of itself to
dispense with such form, or to act on the subject, unless the
defendant appeared and took defence, or unless he waived the
irregularity.

The judge further charged, that if the jury found for the
relator they must not take into view, in the estimate of damages,

[Washington Beneficial Society v. Bacher.]

his costs and expenses in this proceeding; but that he considered, that expulsion from the society, into the treasury of which he had paid his weekly dues until he became entitled to the benefits of the society, was an actual injury, for which damages should be given, but only to the extent of that injury. That there was nothing in the case to inflame the damages.

Verdict for plaintiff, for $75 damages.

Error was assigned—1. To the admission of the notice to Bacher to appear.    2. To the admission of the application to restore Bacher.    3. To the admission of the statement of the secretary, that Bacher had not received timely notice.  4. To the rejection of the secretary of the society as a witness.    5. To the rejection of the statement made by the secretary to the society, as to the conversation with Bacher when the notice was served upon him.    6. To the rejection of the minutes in the minute-book of the society, "containing the proceedings of the meetings of August 14 and September 11, 1848, as stated in the 7th bill of exceptions."    7. To the portion of the charge, viz., that expulsion from the society was an actual injury, for which damages should be given to the extent of that injury.

*Bridges* and *Porter*, for the plaintiff in error.—The notice received in evidence did not contain the charges, and was inadmissible.    2. The communication by the counsel to the society was calculated to prejudice the minds of the jury.    3. The statement of the secretary, being made *after* the service of the notice, was inadmissible: 6 *W. & Ser.* 285.    4. The interest of the secretary was only a remote contingent interest, and he should have been allowed to testify, from the necessity of the case, as it was his duty to serve the notice: 1 *Greenleaf*, § 416; *Id.* 485; 2 *Starkie.* 752.    5. The report of the secretary, offered, was made in the course of his duty, and was necessary before action by the society in the premises.    6. The minute book was admissible: *Philips Ev.* 319–320; 2 *Yeates* 120; 3 *Ser. & R.* 29; 3 *Whar.* 81; 4 *W. & Ser.* 393; 8 *Id.* 247.

7. The relator instituted proceedings only to be restored to membership, and not to recover damages. If the judgment is confirmed, the relator will be entitled in law to the $75 damages, be entitled to his weekly allowance of $3 from the time of his expulsion, whilst he remained an invalid, which was alleged to be unjust. It was contended that the law did not authorize the recovery of damages in a case like this.

*Wright*, for the relator.—In the petition the membership of the relator was alleged, and an improper withholding of the benefits to which he was entitled. In the answer the membership was

admitted and a legal expulsion alleged. In the traverse the legality of the expulsion was denied, for want of due notice, and the delivery of a copy of the charges. This was the issue. The notice received did not contain a copy of the. charges, and was not delivered in proper time. The notice itself was the best evidence. 2. The paper read at the meeting was admissible as being the application of the relator for redress. 3. The admissions of the secretary were evidence. The corporation was liable for his negligence: *Ang. & Ames* 250. 4. The interest of the secretary, as a member of the society, was direct: 1 *Greenleaf*, pl. 333; 5 *Harris* 209. If he were incompetent, his declarations were inadmissible. 6. ·The entries in corporation-books as to any right claimed by it are not evidence in its favor: *Ang. & Ames* 534. The entry could not cure a defect in the notice. 7. The old practice was to receive the return to a mandamus as true, and leave the party injured to an action for a false return. But the Act of 14th June, 1836, provides that it shall be lawful for the person suing a writ of mandamus, to demur or to plead to, or traverse all or any of the material facts contained in the return, and the person making the return may reply, take issue, or demur, and such other proceeding may be had, except as provided, "as might be had if the person suing such writ had brought his action for a false return." Under the 24th section the plaintiff may recover damages and costs, as in the case of an action for a false return.

The *regularity* of the proceeding is all the Court will inquire into: 8 *W. & Ser.* 247; 4 *Barr* 519; 3 *Harris* 251, Fischer *v.* German Society.

The opinion of the Court was delivered, April 4, by

LEWIS, J.—In Davies *v.* Morris, 5 *Harris* 209, it was held that in general the members of *pecuniary* or *moneyed institutions*, such as banks, insurance and manufacturing companies, and the like, are not witnesses in favor of such corporations, because they are directly interested in the result. The property in controversy would go to increase or diminish the dividends payable to the members offered as witnesses. But societies for *religious purposes* were held to stand upon a different footing, because, in general, the members of these corporations may cease to be such at their pleasure, and no dividends are payable to them in any event. The case before us now is that of a *beneficial society*, the object of which is to secure certain pecuniary provisions for the members in case of sickness or death. By article 12 of the by-laws each member, in case of sickness, is entitled to receive from the society the sum of three dollars per week. The by-laws prescribe the payment of an initiation fee, and certain fines and monthly payments. But by the constitution each member is bound "to pay to the society such sums of money and monthly dues as the society, *from time to*

[Washington Beneficial Society v. Bacher.]

*time,* may by their by-laws resolve and declare;" and each member, upon admission, is required to subscribe his name to that constitution. It follows, that if the plaintiff below recovers in this action, the witness, P. H. Lehr, will be liable to an assessment by the society for the purpose of raising the necessary funds to satisfy the. debt and the costs of the action. It was said by Chancellor DESSAUSURE that where the funds of a corporation are not whole and tangible, but *consist in the liability of the members to be assessed,* a Court of Equity will lend its aid in favor of a creditor of a company, to assist it in enforcing the payment of instalments required by the members, and will apply the fund so raised to discharge the debt. It is, as it were, a *subrogation* to the rights of the company: Hume *v.* Winyow, &c., Canal Co., 1 *Car. Law Jour.* 217; 1 *Am. Law Mag.* 92; *Angell & Ames on Corp.* 545. The ground of the equitable liability of the members is the credit which the company has gained as a corporation on the promise of the individual members to raise a fund which should enable the corporation to fulfil its engagements: *Angell & Ames on Corp.* 545. Where the liability of each member is expressly limited to the amount of his subscription, he may not be liable beyond it without legislative enactment in the charter. In such case a certain amount of capital is provided, to which all persons are supposed to give credit, and not to any engagement of the individual members beyond it. But where no such provision is made, but, on the contrary, the capital to which credit is given consists of the liability of the members to the payment of *such sums of money as the society from time to time may require,* each member is personally liable in equity for his proportion of the debts of the corporation, and has a direct interest which excludes him from giving testimony in its favor against the claim of a creditor. The Court below decided correctly in rejecting P. H. Lehr as a witness, because, under the statute, the plaintiff might recover damages commensurate with the extent of the injury caused by his expulsion, and the witness offered is liable for his proportion of the sum to be recovered.

By § 7 of the 13th article it is provided that no member (with exceptions not material in this case) shall be expelled, without having first had a copy of the charge or charges exhibited against him, certified and delivered at his residence at least twenty-four hours previous to the time. This was not done, and the expulsion took place in the absence of the plaintiff below. On this state of facts, he was entitled to recover according to the extent of the injury. It is not pretended that he recovered any greater amount. On the contrary, the Court told the jury that there was nothing in the case to inflame the damages; and we are to presume that they obeyed the instructions in this respect. The omission to notify the plaintiff according to law, rendered the expulsion invalid; and neither the minutes of these void proceedings, nor oral testi-

mony of what the secretary stated to the Society at the meeting, could be material evidence to deprive the plaintiff of compensation for the injury. The errors are not specified with sufficient precision to entitle the plaintiff in error to stand upon pins' points. And where we perceive that the recovery was according to the legal rights of the plaintiff below, we will not reverse the judgment for immaterial errors, not specified according to the rules of Court.

Judgment affirmed.