## Smith *versus* Arsenal Bank.

1. Where an offer is made to prove certain facts, some of which are admissible in evidence, while others are inadmissible, the offer is incompetent as a whole; and the court is not bound to separate the offer and admit the competent portion of it, although it may do so in its discretion.

2. A point which assumes the evidence to be true, and requests the court to give binding instructions based thereon, is bad, because it withdraws the case from the jury.

3. A point submitted to the court cannot be reserved "upon all the evidence." A point reserved must be based upon facts admitted in the cause or found by the jury.

4. It is the duty of the plaintiff in error to print the evidence in his paper book. Where the plaintiff in error omitted to print any of the evidence, and the defendant in error printed a portion of it, the court refused to consider the latter.

5. In assumpsit on a note of $1,000, against an accommodation indorser, it was shown that the maker of the note had confessed a judgment for $1,700 to the holder, as security, and that $780 had been realized by a sheriff's sale of the maker's real estate, on which the judgment was a lien. *Held*, that it was competent for the plaintiff to show that the judgment was given to secure not only the note in suit for $1,000, but others also, amounting to $700, on which the defendant was not liable as indorser, and that the amount paid on account of the judgment had been applied to the latter indebtedness.

November 5th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. CLARK, J., absent.

ERROR to the Court of Common Pleas No. 1 of *Allegheny county :* Of October Term 1883, No. 192.

Assumpsit, by The Arsenal Bank of Pittsburgh against William Smith, upon a promissory note dated January 9th 1879 at four months for one thousand dollars made by William Sunderman to the order of the defendant and by him indorsed.

The paper book of the plaintiff in error contained none of the evidence. From that printed by the defendant in error it appeared that on the trial, before COLLIER, A. L. J., the plaintiff proved the note in suit. The defendant then gave in evidence the record of a judgment entered December 31st 1878 by the Arsenal Bank against William Sunderman on a judgment note of the same date for $1,700, and the record of another judgment against Sunderman prior to the judgment

held by the bank, having been entered December 31st 1877, showing the sale of two pieces of real estate of Sunderman, one for $50, and the other for $3,700. Of these amounts the sum of $780.39 had been, after the payment of prior liens, applied on account of the judgment held by the Arsenal Bank. Also the records of three other judgments against Sunderman under which sheriff's sales of his property had been made at prices insufficient to cover the respective amounts of the judgments.

Defendant then offered to prove "that the judgment note shown witness was taken and judgment entered therein in pursuance of an arrangement between the bank, the witness, and William Sunderman, the defendant in that case, to secure and indemnify the witness against his accommodation indorsement of the promissory notes given by Sunderman to the plaintiff, of which the note in this suit is a renewal, by which it was arranged that the witness, William Smith, should continue to indorse for Sunderman, in order to keep the note alive in bankable form, but the judgment should be taken, retained and used by the bank for the protection of the witness, Smith, so he should suffer no loss by the indorsement. This to be followed by evidence that notwithstanding the bank held that lien against the property of William Sunderman, the bank negligently permitted it to be sold for a price greatly less than its value, and thereby, and through their neglect to enforce the judgment according to the arrangement, the entire property of William Sunderman was sold out for a nominal price, for amounts greatly less than its value, with the knowledge and permission of the bank and its officers, leaving the judgment held by the bank unpaid, excepting about $780, which was made upon the Mueller writ. This for the purpose of showing that, through the negligence of the bank, the holder of the judgment, permitting a breach of the relation and agreement entered into between them, they are estopped from collecting the amount thus lost by their negligence from the accommodation indorser, Mr. Smith."

Objected to, "for, admitting the facts to be as defendant offers to prove, they do not operate to discharge the defendant from his liability on the note in suit, and also as irrelevant and incompetent." Objection sustained. Exception. (First assignment of error.)

The defendant then proved that prior to December 1st 1878 he had been an accommodation indorser for Sunderman upon notes discounted by the plaintiffs amounting in the aggregate to $1,000, and Sunderman was indebted to the plaintiffs in the further sum of $700 upon notes not indorsed by Smith. When the notes indorsed by him were about maturing, Smith declined to renew his indorsement for Sunderman, who then proposed

[Smith *v.* Arsenal Bank.]

to give his judgment note to secure the indebtedness in suit and the two other notes. This offer was accepted by the bank, who took the judgment note, and the defendant then indorsed the note in suit. The "histories of the case" in the paper books of the plaintiff in error and of the defendant in error differed as to whether there was or was not any distinct agreement that the judgment note should be held by the bank for Smith's security as well as his own.

In rebuttal the plaintiffs offered to prove by their cashier that the judgment referred to by the defendant in his examination was given not only to secure the note in suit, but also two other notes, amounting in the aggregate to $700, which notes were then past due, and that these notes were not indorsed by the defendant. This to justify the appropriation made by the bank of the proceeds applicable to this judgment to the indebtedness of $700, secured by the judgment. Objected to. Objection overruled, and testimony admitted. (Second assignment of error.) Under this offer the plaintiffs showed that the $780.39 appropriated upon the $1,700 judgment had been applied to the two notes for $700 mentioned in the offer, and the balance of $36.14 allowed as a credit on the note in suit.

The defendant requested the court to instruct the jury " that upon all the evidence in the case the defendant is entitled to a credit upon the claim in suit for a proportionate share of the money made and appropriated to the judgment of the bank against Sunderman, No. 85, March term 1879, as appears by the special return of the sheriff made at 179, October term 1879 (fi. fa.), given in evidence in this case, the amount so made being $780.39."

The court refused the point, but reserved the question. Exception. (Third assignment of error.)

The jury found for the plaintiff in the sum of $1,069.92, subject to the opinion of the court upon the question of law reserved. The court subsequently in an opinion by COLLIER, J., entered judgment for the plaintiff upon the verdict, whereupon defendant took this writ of error, assigning for error the rulings of the court upon the offers of evidence and the entry of judgment for the plaintiff upon the question of law reserved.

*John S. Lambie* (with whom was *A. M. Brown*), for plaintiff in error.

*Thos. C. Lazear* (with whom was *A.C.Hoyer*), for defendants in error, was not heard by the court.

Mr. Justice PAXSON delivered the opinion of the court, January 7th 1884.

[Smith *v.* Arsenal Bank.]

The first assignment of error cannot be sustained, for the reason that the offer of evidence was too broad. While the arrangement with the bank and the circumstances under which the judgment was given were well enough, the subsequent portion of the offer, by which it was proposed to show that the bank permitted Sunderman's property to be sold for a price greatly below its value, was clearly inadmissible. It was no defence. The learned judge below might have separated the wheat from the chaff, but he did not do so, and, under all the authorities, he was not bound to do so.

Nor is there any merit in the second assignment. It was entirely competent to show what the judgment was given for.

The third and fourth assignments were evidently intended to raise the important question in the cause, viz : whether the money received from the sheriff should be applied pro rata on the three notes which the judgment was given to secure, or whether the bank should be allowed to apply it all to the unsecured notes held by it.

The point is an interesting one, but it is not raised.

Upon the trial below, the defendant asked the court to instruct the jury "that upon all the evidence in the case the defendant is entitled to a credit upon the claim in suit for a proportionate share of the money, made and appropriated to the judgment of the bank against Sunderman No. 85, March Term 1879, as appears by the special return of the sheriff, made at No. 179, October Term 1879 (fi. fa.) given in evidence in this case, the amount so made being $780.39."

This point assumed all the facts, and the learned judge was not bound to answer it. He refused it, however, and reserved it. Subsequently he entered judgment on the verdict in favor of the plaintiff.

As before stated, the point was bad because it assumed the facts and withdrew the case from the jury, and it did not help it that the court reserved it. A reservation of a point upon all the evidence is bad. A reserved point must be based upon facts admitted in the cause or found by the jury. We have said this so often that a reference to the cases is unnecessary.

Nor can we assume that the facts were undisputed. The plaintiff in error has not printed a word of the evidence. It is true the defendant has printed some of it, how much we do not know, but we will not patch out the plaintiff's case in that way. Besides, the history of the case and the counter statement differ about the facts in essential features.

We have, therefore, the verdict of a jury in favor of the plaintiff below, with nothing upon the record which would justify us in disturbing it.

Judgment affirmed.