## Hamill, Appellant, *v.* Supreme Council of the Royal Arcanum.

### [Marked to be reported.]

*Beneficial associations—Competency of witness—Act of May 23,* 1887.

Where a beneficial association has contracted to pay to a wife of a member a certain sum upon the death of her husband, members of the association are competent witnesses, in an action by the widow for the benefit, to show that the husband was not in good standing as a member at the time of his death.

In such a case the act of May 23, 1887, does not apply because no right of the deceased to the subject in controversy had passed, either by his act or by the act of the law, to the plaintiff. The deceased never had any right to the benefit, which was to be paid exclusively to his wife.

*Evidence—Parol testimony to supplement minutes.*

In an action against a beneficial association for a death benefit, the defence being that the deceased member was not in good standing, parol testimony is competent to complete the evidence of the suspension of the deceased, where the minutes showed a motion to suspend, but did not show what action was taken on the motion.

Argued Oct. 25, 1892. Appeal, No. 315, Oct. T., 1891, by plaintiff, Lenora S. Hamill, from judgment of C. P. No. 2, Allegheny Co., April T., 1889, No. 143, on verdict for defendant. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit for death benefit.

At the trial, before EWING, P. J., Francis Parke and other members of the association defendant, and liable as such to assessment in case of recovery by plaintiff, were offered as wit-

nesses to prove that Charles Hamill, husband, was not in good standing as a member at the time of his death.  Objected to. Objection overruled, and exception. [1, 2]

The minutes of the association having been offered in evidence, the following entry under date of April 3, 1888, appeared: " Motion made that brother Hamill be suspended for non-payment of assessments, No. 104 and 105."  Francis Parke, the secretary, a witness for defendant, was asked to state the meaning of this entry.

Objected to.

The Court: The minutes are the best evidence of the proceedings of an association of this, or any body of the kind, but they are frequently imperfectly kept.  In this case the minute is ambiguous, and we think it is competent, not only to explain the minutes, but they may prove things that occurred that are not in the minutes.

Objection overruled and exception. [3]

The witness testified that the motion was carried.

The court charged in part as follows :

" Therefore, we say that if you believe the uncontradicted evidence, and I see no reason why you should not believe it, namely, that he was suspended by a vote of the order, and that suspension was not taken off before his death, your verdict should be for the defendant." [4]

Defendant's points were as follows :

" 1. Under the uncontradicted evidence, being all the evidence, the verdict of the jury must be for the defendant. *Answer :* If the jury believe the uncontradicted evidence the verdict should be for the defendant." [5]

" 2. The regularity of the proceeding by which Chas. Hamill was suspended cannot be called in question in this case, and if such suspension was made and said Hamill after due notice thereof permitted it to remain without appealing therefrom, as he had a right to do and could do, until the time of his death, the defendant is not bound to pay the benefit and the plaintiff cannot recover."  Affirmed. [6]

Plaintiff's points were as follows :

" 1. The burden of the proof is upon the defendant in this case to show just and legal cause for the suspension of Chas. Hamill from the benefits, etc., of membership of the defendant

organization. *Answer:* The first point is refused. The plaintiff objected to and had ruled out the by-laws and rules of the association. And the action of the council in suspending Chas. Hamill (if he was suspended) is conclusive that he was not a member in good standing." [7]

" 2. Such suspension must have been made pursuant to the laws of the order." Answered under next point.

" 3. That defendant has not put in evidence any law or rule of said order which authorizes or justifies the alleged suspension of said Hamill. *Answer:* The suspension is to be presumed to have been in pursuance of the laws of the order in the absence of evidence to the contrary, and if he was suspended by action of the council he was not a member in good standing." [8]

" 4. That defendant has not shown by competent evidence that Chas. Hamill was lawfully suspended from the benefits and privileges of the defendant order, and the plaintiff beneficiary named in policy is entitled to recover." Refused. [9]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–3) rulings on evidence; (4–9) instructions, quoting bills of exception, evidence and instructions.

*J. McF. Carpenter,* for appellant.—In societies of a merely fraternal or social character, expulsion may take place for insufficient cause, and the court will not ordinarily interfere if the proceedings be regular. But a different rule applies where the society is in fact, or partakes of the nature of, an insurance company. The reason for the rule is manifest, and we refer to the case of Mulroy v. Supreme Lodge K. of H., 28 Mo. Ap. 463, as containing a very clear and concise statement of the distinction to be drawn between the two classes of organizations. The defendant is an insurance company, despite its averment to the contrary. Every law applicable to insurance companies is applicable to it except the tax laws.

Every reason for excluding one who is technically the assignee of a deceased party applies in this case. True, the policy was not assigned, but the proceeds or benefits were assigned. That the assignment was made by parol or in writing before the policy or contract to pay money was executed, in-

stead of after it was executed, can make no substantial difference : Washington Beneficial Society v. Bacher, 20 Pa. 425 ; Marion Beneficial Society v. Com., 31 Pa. 82.

Every reason that can be urged on principle for excluding the survivors, where the action is brought by one who is literally the assignee, or who represents the interest of the deceased, can be urged with equal force in this case : Sutherland v. Ross, 140 Pa. 379.

*J. J. Miller, J. A. Langfitt* with him, for appellee.—Even under the laws of evidence prior to the act of 1887, the testimony of the members would have been competent as an exception to the rules of exclusion on account of interest. Their testimony should be received : (1) To prove collateral facts for the information of the court. They did no more here than to identify and make clear record testimony which was offered in evidence : Lenox Admrs. v. De Haas, 2 Yeates, 37 ; Standley v. Weaver, 2 Yeates, 256. (2) Ex necessitate rei : Garwood v. Dennis, 4 Bin. 316 ; Kneass's Case, 2 Parsons, 553. (3) They are agents : Miller v. Hayman, 1 Yeates, 24. (4) Because its officers are representatives of a beneficial society. They are excepted from the rule of exclusion on the ground of policy, if not of necessity : Shortz v. Unangst, 3 W. & S. 45 ; Davies v. Morris, 17 Pa. 205 ; Sorg v. First German Congregation, 63 Pa. 156.

In this case plaintiff sues in her own name, in her own right, and not for any interest decedent had in the benefit certificate ; his right thereto or therein never passed by his own act or by the act of the law to her, representing his interest in the matter in controversy. The right originally was in her, she does not pretend to represent his interest. The original parties to this contract are plaintiff and the Supreme Council of the Royal Arcanum ; neither of these parties is dead ; the rights of neither of the original parties to the contract has ever passed to any one else.

Good standing implies a full and fair compliance with the laws of the order, in the payment of assessments and dues. A member in arrears for assessments and dues is not in good standing within the meaning of the benefit certificate, and if he dies when so in arrears his beneficiary is not entitled to the

payment of the benefit: McMurry v. Supreme Lodge, Knights of Honor, 20 Fed. R. 107.

A member of a beneficial society must resort for the correction of an alleged wrong to the tribunals of his order, and the judgments of said tribunals when resulting fairly from the rules of the society are final and conclusive: McAlees v. Iron Hall, 12 Cent. R. 415; Com. v. German Society, 15 Pa. 215; Karcher v. Supreme Lodge Knights of Honor, 137 Mass. 368; Bauer v. Samson Lodge, 102 Ind. 262; Bacon on Benefit Societies, § 82; Morawetz, Corp. § 5009; Ang. & Ames, Corp. § 359.

A beneficial society is not a life insurance company: McAlees v. Iron Hall, 12 Cent. R. 415; Com. v. Equitable Association, 25 W. N. 347.

OPINION BY MR. JUSTICE GREEN, January 3, 1893:

This action is founded upon an instrument called a benefit certificate. It was issued to Charles Hamill, but the obligation of the contract was to pay to "Mrs. Lenora Hamill (wife) a sum not exceeding $3,000," out of the widows and orphans fund, upon the death of her husband, in accordance with the provisions of the law governing said fund. The contract was subject to a proviso "that said member is in good standing in this order at the time of his death." Another condition of the instrument was, "that said member complies in the future with the laws, rules and regulations now governing said council and fund, or that may hereafter be enacted by the Supreme Council to govern said council and fund."

The defence was that Hamill at the time of his death was not a member in good standing, in fact not a member at all, because he had not paid his dues nor his assessments for benefits and had been suspended from membership on account of his delinquencies, that he had been duly notified of all his arrearages and called upon to pay them and that his local council had even paid one of his assessments for him, that he paid no attention to the calls upon him, and was finally suspended for his defaults at a regular meeting of the council of which he was a member, and that up to the time of his death he had not paid up his arrearages and had taken no steps to be reinstated as a member in accordance with the laws of the council.

On the trial, testimony was offered by the defendant to prove the proceedings of the council at the time Hamill was suspended, and also the fact of his delinquency. The witnesses by whom this proof was offered were themselves members of the council and subject to calls for assessments, and they were objected to as incompetent on the ground of interest, and the argument in support of the objection was, that one of the parties to the thing or contract was dead, and that his right therein had passed to the plaintiff, who represented his interest in the subject of the controversy.

If this contention were true in fact, the question would come within the operation of the 5th section of the act of May 23, 1887, and the witnesses would be incompetent. It is equally true that if that section is inapplicable to the case the witnesses were clearly competent, for the reason that competency is now the rule and incompetence only exists by force of the exceptions contained in the statute. It is very plain to us that the exception of the 5th section of the statute is inapplicable, for the very simple reason that no right of the deceased to the subject in controversy has passed, either by his act or by the act of the law, to the plaintiff. The deceased never had any right to the benefit which was to be paid to his wife. It was hers and hers only, payable to her exclusively, and, of course, no one but she could maintain any action for its recovery. She is a living person and no other person ever had or could have the right to recover this money. As between her and the defendant there is a clear contention as to whether the funds shall be paid by the defendant to her, and there is no contention, and cannot be, upon that subject, as between the defendant and the legal representatives of the deceased. The plaintiff is not such a representative. She takes, if she takes at all, in her own right alone as the beneficiary of the fund, and she does not represent any right or interest of her deceased husband in the fund. She represents herself and her own rights only in the subject in controversy. The cases of Washington Beneficial Society v. Bacher, 20 Pa. 425, and Marion Beneficial Society v. The Commonwealth, 31 Pa. 82, have nothing at all to do with the present question. They were ordinary decisions made under the old law when the interest of the witness was a disqualification. If they were to be tried

at this time the rejected witnesses in those cases would be entirely competent, because the interest of a witness is no longer a disqualification. They were actions between living persons and they are not the slightest authority in cases arising under our modern legislation, removing the disability arising from a personal interest in the result of the suit. We are very clearly of opinion that the several witnesses, whose testimony was received in this case under objection of their competency, were entirely competent and were properly allowed to testify.

There is but little else left in the case. There was really no serious contention as to the delinquency.of the deceased and his suspension as a member. His own letter of April 10, 1888, was both a concession that he was in arrears, and that he knew that he had been suspended. The check he sent was insufficient to pay his arrearages, and it was promptly returned to him because it could not be received under the rules and regulations of the association. These rules pointed out the manner in which a suspended member could be reinstated, but, although he lived several months after his suspension, he never applied to be reinstated after the letter of April 10th was written.

There could be no valid objection to the reception of parol testimony to complete the evidence of the suspension of the deceased; the minutes, which showed a motion to suspend but did not show what action was taken on the motion, were supplemented by parol proof to show what that action was. There was nothing wrong in this. The testimony did not contradict or alter the minutes. At most it only explained them. They were simply incomplete and the parol testimony only supplied the omission.

Conceding, what really was undisputed, that the member was in arrears, it necessarily follows that he was not a member in good standing, and also that he had not complied with the "laws, rules and regulations," governing the council and the widows and orphans benefit fund. As the obligation of the defendant was conditioned upon a compliance with these laws, rules and regulations, and also upon the maintenance of good standing of the member at the time of his death, it results that there was no legal liability of the defendant to pay this benefit. The assignments of error are all dismissed.

Judgment affirmed.