## Kelley's Estate.

*Decedents' estates—Money wrongly included in account—Insurance money—Trusts and trustees.*

In a will made ten years prior to his death, testator stated that he was insured in a beneficial association named, in the sum of $2,000, made payable to a person who in the will is appointed executor "who shall distribute the same according to directions given to him by myself during my lifetime." In a will made two days prior to testator's death this statement was repeated. The executor included the amount of the policy in his account,

and stated at the audit that his instructions were to apply a portion of the fund to a charity. There was no evidence as to the character of the policy mentioned in the will. *Held,* that the fund was improperly included in the account, and was no part of the testator's estate.

Argued April 11, 1905. Appeal, No. 139, April T., 1905, by Matthew Kelley, a minor, by his guardian and next friend, Minnie F. Gleason, from decree of O. C. Allegheny Co., April T., 1904, No. 74, dismissing exceptions to adjudication in Estate of John J. Kelley, deceased. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Exceptions to adjudication.

HAWKINS, P. J., found the facts to be as follows :

The question in this case is, whether or not the disposition made in the first clause of decedent's will is void, because :

1. The names of the beneficiaries are not in writing; and

2. So far as relates to charities as having been made within thirty days of testator's death.

The facts are these :

Mr. Kelley executed a will in 1891, in which, among other provisions, is this :

" First. I desire to state that I am insured in the Catholic Mutual Benefit Association in the sum of two thousand ($2,000) dollars, made payable to Lew F. Holtzman, who shall distribute the same according to directions given to him by myself during my lifetime."

And this in the present will, which was executed two days before testator's death :

" First. I desire to state that I am insured in the Catholic Mutual Benefit Association for the sum of two thousand ($2,000) dollars, made payable to L. F. Holtzman, who is authorized to distribute the same according to directions given him by me.".

Mr. Holtzman was made executor and took out letters. At the audit, when he was asked what his instructions were in respect of this fund, said that as they were of a confidential character he must decline to answer, unless so ordered by the court, and when counsel stated he had reason to believe the beneficiaries were charities and within the statute, the witness was or-

108          KELLEY'S ESTATE.

Statement of Facts—Opinion of the Court. [29 Pa. Superior Ct.

dered to answer; whereupon he stated that the original instructions were that $1,000 were to be used for the education of his illegitimate son, $500 for masses and $500 for St. Francis Hospital, but that when the last will was made his sister Mary was substituted for his son as legatee, the other legacies to stand. The instructions to Mr. Holtzman were verbal. The premiums on the policy were paid by Mr. Kelley. Mr. Holtzman claims no interest in the fund.

The court struck the fund from the account.

*Error assigned* was decree dismissing exceptions to adjudication.

*Marron & McGirr*, for appellant.—Parol evidence is not admissible : Sims v. Sims, 94 Va. 580 (27 S. E. Repr. 436) ; Heidenheimer v. Bauman, 84 Texas, 174 (19 S. W. Repr. 382) ; Moran v. Moran, 104 Iowa, 216 (73 N. W. Repr. 617) ; Olliffe v. Wells, 130 Mass. 221 ; McAuley's Est., 184 Pa. 124.

*A. V. D. Watterson*, with him *A. B. Reid*, for appellee.

OPINION BY SMITH, J., October 9, 1905 :

The questions presented in the assignment of errors might properly have arisen had the testator, by either will, made a disposition of the money in controversy, and in such case their determination would rest on the established principles governing a trust of the character alleged by the appellee, and illustrated in Hoffner's Estate, 161 Pa. 331; McAuley's Estate, 184 Pa. 124; Morrow's Estate (No. 2), 204 Pa. 484. But his language in relation to this money—substantially identical in the two wills—was in no sense a testamentary disposition of it. Each will contained merely a recital of a fact antedating both, viz.: a disposition of the money already made through private instructions given by the testator to the beneficiary to whom it was payable. Neither will contains any further provision respecting the distribution of this fund, but the matter is left to rest on the directions previously given to the beneficiary; and both wills dispose only of the residue of the testator's estate.

While the testator states that he is " insured " in the asso-

ciation named, no copy of the instrument creating such insurance is contained in the paper-book of either party. In the appellant's history of the case, this instrument is described as a "certificate of insurance." The appellee's petition avers that the money was paid to the beneficiary under the charter and by-laws of the association, and no denial of this appears in either the record or the appellant's argument. But neither the charter or by-laws are printed in either paper-book, nor was either, or the certificate of insurance, offered in evidence. Hence it is impossible to determine, from the record, the character of the testator's dominion over the so-called insurance, or the extent to which it is to be deemed part of his estate. Apparently, the association was, in its nature, a fraternal order, with the disposition of its insurance fund fixed by its charter and by-laws, and not governed by the principles regulating ordinary insurance. Prima facie, the beneficiary was, in that character, entitled to the money ; and a parol trust for its distribution was entirely lawful. This trust, so far as it relates to charities or religious uses, was created more than ten years before the testator's death, and was never revoked. The force of the directions from which it arose was not affected. by their repetition in connection with the instructions given for the last will within a calendar month preceding the testator's death. Those directions were entirely independent of both wills, and nothing was added to or taken from them by the reference to them in the wills.

There is nothing in the record to show that the money paid by the association formed part of the testator's estate, and its inclusion in the administration account was obviously erroneous. Whether the appellee would have been estopped by the confirmation of the account, without objection, or might have maintained his claim on distribution, and whether the beneficiary might have been required to pay the money in accordance with the parol trust, after including it in his account as executor, we need not now consider  On his own petition, he would have been allowed to withdraw the item from the account. It has been withdrawn on petition of a party interested in the parol trust, and there appears no good reason for disturbing this adjudication.

Decree affirmed.