Keech et al., Appellants, *v.* Delaware County Trust Co., Administrator.

Argued May 20, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*William C. Alexander,* with him *William K. Rhodes,* for appellants.—A universal rule in applying descriptive words of the writing allows any part of the description which is false to be rejected and that which is true to be retained.

Parol evidence is admissible to prove the meaning of the words used by the testator and not what the testator meant: Woelpper's App., 126 Pa. 562; Hancock's App., 112 Pa. 532; Bank v. Hartman, 8 Pa. Superior Ct. 170; Hunt v. Devling, 8 Watts 403; Coleman v. Eberly, 76 Pa. 197; Powell v. Biddle, 2 Dallas 70; Miller's Est., 26 Pa. Superior Ct. 443; Brownfield v. Brownfield, 12 Pa. 136; Hunter v. Hunter, 37 Pa. Superior Ct. 311.

Where there is a discrepancy between courses, distances and objects, and the quantity of land designated, the former must control: Smith v. Oliver, 11 S. & R. 257; Phillips v. Christ, 33 Pa. Superior Ct: 445; Miller v. Cramer, 190 Pa. 315.

*J. H. Ward Hinkson,* for appellee.—Where a subject exists which satisfies the terms of the will, and to which they are perfectly applicable, there is no latent ambiguity. Evidence is only admitted dehors the will from

necessity, to explain that which would otherwise have no operation: Wusthoff v. Dracourt, 3 Watts 240; Best v. Hammond, 55 Pa. 409, 412; Huber's App., 80 Pa. 348; Root's Est., 187 Pa. 118; Hunter v. Hunter, 229 Pa. 349; Metzger's Est., 242 Pa. 69; Mizener's Est., 262 Pa. 62; Myers v. Myers, 16 Pa. Superior Ct. 511; Smith v. Metzger, 32 Pa. Superior Ct. 596, 601; Woelpper's App., 126 Pa. 562; Bruckman's Est., 195 Pa. 363.

OPINION BY MR. JUSTICE FRAZER, July 1, 1929:

Plaintiffs' action of ejectment against defendant, ad-ministrator d. b. n. c. t. a. of the estate of Sallie P. Gibbons, is to recover possession of 45.33 acres of land, alleging right of possession and title thereto under the provisions of a clause of the will of testatrix dated February 11, 1914, by which she devised to plaintiffs, appellants here, a described portion of her real estate, designated as "the lot or tract of land of about 35 acres at the northeast corner of North Cedar Lane and Baltimore Avenue in the Township of Springfield aforesaid, the said lot or tract of land extending along North Cedar Avenue to a line fence running east and nearly parallel with said Baltimore Avenue, as tenants in common, absolutely and in fee." The issue here arises from conflicting construction, by the parties, of the devise with reference to the words "to a line fence running east and nearly parallel with said Baltimore Avenue." Plaintiffs contend the words "line fence" refer to a fence marking the dividing line or boundary between land of testatrix and that owned by a street railway company, and that it was the intention of testatrix to give to plaintiffs all acreage of her property that abutted on the east of North Cedar Lane and extending northward from Baltimore Avenue to land of the railway company. The area thus claimed would give plaintiffs 79 acres instead of "about 35 acres."

Defendant contends the words "line fence," as used in the will, are not applicable to the one marking the di-

viding line of the railway property from land of testatrix, and is 1,400 feet north of Baltimore Avenue; that to accept this fence as the one intended by testatrix would result in apportioning appellants an acreage much larger than the will directs; that the words "line fence" have a specific and direct reference and application to a fence located, when Miss Gibbons made her will, a considerable distance south of the railway property toward Baltimore Avenue and which is in accord with the fence described in the will as "running east nearly parallel with Baltimore Avenue" and which in fact formed the northern limit of the lot of about 35 acres, embracing the land in the northeast corner of North Cedar Lane and Baltimore Avenue, and that consequently appellants have no legal claim to land lying north of the second fence.

Plaintiffs placed the will in evidence and offered parol testimony to explain what testatrix meant by the words "line fence" and to prove the description in the will referred to the fence at the extreme northern limits of the land, and not to the one further south. Objections by defendant to the admission of this evidence were sustained by the court below, and after consideration of the will and plans of surveyors and hearing evidence as to location of the lot in question and also of the fences, affirmed defendant's point for binding instructions, and instructed the jury that, as matter of law, the property intended to be devised was the lot in the northeast corner of the two thoroughfares mentioned in the will, containing about 35 acres. A verdict to that effect was returned. Subsequently motions for a new trial and judgment for plaintiffs n. o. v. were refused and this appeal followed.

The terms of the will with reference to the devise are distinctly descriptive and clearly restrict their application to that part of the land of testatrix located in the northeast corner of the two streets named by her. The surveys and plans submitted in evidence by both plain-

tiffs and defendant established this property to be the tract referred to in the will. It was also shown by these surveys and plans and by testimony of witnesses long acquainted with the general surface character of testatrix's property, that at the date of the will a fence extended across the northern boundary of the lot occupying the northeast corner, but that at the time of making the surveys nothing remained of that monument of title except old post holes and stumps. But, as was testified, these "relics" were still to be seen plainly and showed the course of the fence as it stood originally.

While admitting there is no ambiguity in the clause in question of the will, plaintiffs insist that by the use of the words "line fence" testatrix did not have in view the fence now old and decayed which existed at the time she made her will, but intended the fence 1,400 feet further north, which formed the line of demarcation between her property and that of the railway company. Thus construing the terms of the instrument and the intention of testatrix, plaintiffs attempted to show by parol evidence that testatrix by the words "line fence" meant distinctly a fence that divides properties owned by different parties and that consequently the fence she referred to was that separating her holdings from those of the railway company. This evidence the court refused to admit. The ruling was eminently proper. The terms of the will are plain, the meaning not obscure, and no extrinsic evidence was required or could be received to show the intention of testatrix. This long established legal principle is emphatically presented in Appell v. Byers, 98 Pa. 479, 483, as follows: "If the will be plain and clear on its face, and only becomes doubtful when applied to the subject-matter, extrinsic evidence of the intention of the testator may be received. Unless there be some ambiguity or obscurity on the face of the will or difficulty in finding the person or object to which it applies, extrinsic evidence should not be received to divert the will from the intention therein expressed";

and in Hunter v. Hunter, 229 Pa. 349, 356, we said: "Where a subject exists which satisfies the terms of the will and to which they are perfectly applicable, there is no latent ambiguity." . See also Mizener's Est., 262 Pa. 62, 66. In the present case the learned court below found "there is a tract of land of more than 30 acres at the northeast corner of the two roads, bounded on the north by a fence," and that this "land itself fits the devise, as does the fence on its northern boundary."

At the date of the will the land of testatrix was divided and fenced off into several lots or tracts, of which that described in the clause in question as devised to plaintiffs was one. Undoubtedly the fence which marked the northern limit of the lot devised was not the fence which stood between testatrix's land and the property of the railway company, 1,400 feet further north, but was the old fence inclosing, on the north, the lot of about 35 acres that occupied the corner of the two roads named in the will. It was clearly not within the province of plaintiffs to show, by parol evidence, names testatrix in her lifetime used in designating the several fences on her land or to show by the testimony of neighboring farmers their individual ideas of what was or was not a "line fence." Apparently testatrix had long resided on her property, the old homestead stood upon it, and it must be assumed that she was altogether familiar with its surface aspects and the location of the several fenced-in tracts constituting the whole, and knew at least their approximate acreage. Certainly there are no grounds, founded on the will or upon the testimony, for the idea that, having designated the area of the devise to be about 35 acres, she notwithstanding intended to give an acreage more than twice as large.

Parol evidence however was properly admitted once the subject-matter—the lot containing about 35 acres—was ascertained, so as to show the exact boundaries of this tract as fixed by testatrix herself: Hunter v. Hunter, supra. This subject-matter was clearly estab-

lished by the evidence; and equally conclusive is the proof that the fence "running east and nearly parallel with said Baltimore Avenue," thus designated and described by testatrix, was not the fence at the extreme north of her property, but the old one which marked the northern limit of the lot containing about 35 acres, and which was the only lot or tract that fitted in with the description in the will.

Plaintiffs' counsel appear to find support for their contention in the fact that the tract found by the court below to be the only one in accord with the terms of the will, contains not 35 but 31 acres. It is to be observed that testatrix does not describe the devise as one embracing exactly 35 acres, but as one "of about 35 acres." It is however the boundaries to which a grantee or devisee must look; he has a right to all the land within them. The quantity transferred is a matter of calculation and, be it more or less, all property and only that within the designated lines passes by the instrument: Large v. Penn, 6 S. & R. 488. The will here in question carefully fixes the boundaries and just as carefully refrains from fixing the exact acreage. As a general rule (to which this case is no exception), quantity, courses and distances must give way to boundary lines determined by clearly established monuments, natural or artificial, existing in or on the ground: Miller v. Cramer, 190 Pa. 315, 320.

Judgment affirmed.