## Fredericks *v.* Carson, Appellant.

Argued October 26, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, and Baldrige, JJ.

*William M. Boenning,* for appellant.

*Wm. S. Fenerty,* for appellee.

Opinion by Linn, J., March 5, 1932:

The question is whether a member of the Philadelphia Firemen's Relief Association designated a beneficiary to receive benefits payable at his death, or whether the benefits are payable pursuant to an alternative by-law intended to govern in the absence of specific designation.

The amount of the benefits, $2,319, was paid into court by the association on notice by two rival claimants who are the parties to this suit,—a proceeding under the Interpleader Act of March 11, 1836, P. L.

76; 12 PS. 581. The plaintiff has judgment after trial; an earlier appeal on a point of practice was dismissed: 97 Pa. Superior Ct. 258.

Charles Fredericks, a fireman, was a member of the association. Its constitution provided: "Article 2. The object of this association shall be the accumulation of a fund from the payment of quarterly and death dues, as may be provided for in the by-laws, for the benefit of the widows, orphans, or nearest of kin of the members of such person as the deceased member may have designated, according to such regulations as may be provided in the by-laws." Section 2, Article IX of the by-laws provided: "On the death of a member of the association, every member shall pay one dollar, which shall be due and payable at the stated meeting specified in the secretary's notice." Article 10 of the by-laws provided: "Section 1. On the death of a member, his widow or orphans or nearest of kin, or such other person or persons as the deceased member may have designated by any writing signed by him, shall receive as many dollars as there shall be collected from the members according to Article 9, Section 2; . . . . . . Provided however, that the member may from time to time, in writing, designate a beneficiary, either originally or by substitution for a beneficiary or benefactors theretofore designated, that the payment shall be made to the persons last designated as beneficiary on the books of the association, and that such payments shall be made, notwithstanding the fact of any assignment, for consideration or otherwise, by the member to any other person."

Fredericks died January 18, 1929, leaving neither widow, children, nor parents. His brother, plaintiff in this interpleader, is his nearest of kin, and claims the fund in that relationship, asserting that decedent had

not "designated by any writing signed by him" any other beneficiary.

Mrs. Carson, defendant, was not related to decedent; she was a sister of decedent's deceased wife, as we understand the record. Her contention is that decedent made a will, duly admitted to probate, which must be taken as designating her as beneficiary "by a writing signed by him," within the meaning of those words quoted above from the constitution and by-laws.

The will is in these words: "Jan. 19/28. I, Charles Fredericks, do will and leave everything to my best friend, Mrs. Maggie Carson, and make her my executrix. Charles Fredericks."
"James J. Fielder, Charles H. McCauley" [witnesses]. When he made that will he owned personal property in a small amount but nothing else.

At the trial, defendant put the will in evidence with oral testimony that decedent said he was making a will; that he had no property, and wanted "to sign my relief over to my best friend." Defendant testified (her competency is conceded: Broadrick v. Broadrick, 25 Pa. Superior Ct. 225) that he handed to her a sealed envelope containing the will, and instructed her to "put it away until something happens;" she continued "if something happened he told me it was the firemen's relief fund and that he didn't want his brother to have it; he wanted me to have it."

When the evidence was all in, the learned trial judge told the jury that if they believed that oral evidence, a verdict for Mrs. Carson, the defendant, should be rendered, subject to subsequent consideration by the court in banc of the legal questions arising on the whole record. The jury rendered a verdict for defendant; after argument of plaintiff's motion for judgment n. o. v. judgment for plaintiff was entered. Mrs. Carson appeals.

By paying into court, in the circumstances outlined,

the association discharged any claim either of these parties might have against the association. It is settled that such benefits, collectible after the member's death, are not assets of his estate, and will not pass by will: Kelley's Est., 29 Pa. Superior Ct. 106; Hamill v. Supreme Council, 152 Pa. 537, 542; Brassell's Est., 63 Pa. Superior Ct. 545, 547; Grant v. Faires, 253 Pa. 232, 239. But it is no objection to an appointment or designation, otherwise sufficiently expressing intention, that it is testamentary in form: Thomeuf v. Knights etc., 12 Pa. Superior Ct. 195. In such case, our duty is to see whether the member has expressed an intention within the contemplation of the by-law. In the Thomeuf case, while the paper said that the member "bequeathed" the benefits to the plaintiff, he forwarded it to the proper lodge official in order that the designation might be entered on its books as required by its constitution. The officer so received and retained it, and made an appropriate entry of the appointment on the records; the paper described the fund as "this $1,000 due to me at my death from the [lodge] for board and funeral expenses." The fund was payable, according to the charter, to the person "designated to receive the same as appears on the books of the lodge." We held that such conduct was prima facie, an appointment or designation in writing of the particular fund, and as there was no proof to overcome it, the designated beneficiary received the fund.

In this record, there is no writing from which it can be inferred that the member intended to designate Mrs. Carson; there is the will, it is true, but the will makes no reference to the beneficial fund, but operates to pass his estate. Defendant recognizes the force of that inference, and proposes to meet it, by relying on the oral evidence to supplement the insufficient written evidence of appointment. The paper he gave to de-

fendant is in all respects a will; she so considered the document by having it admitted to probate; testator had a small estate that would pass by it; but it did not pass the benefits because they were not assets of his estate; as a designation, it can only be said to include the benefits by treating the will together with the oral evidence, and the moment that oral evidence is considered with the will for the purposes of designation, the designation will not be in writing, as the contract required, but partly in writing and partly in parol. As the contract of membership arising out of the constitution and by-laws specifically provided who should receive the fund, unless there was the specified writing otherwise, and as the only writing offered by defendant is insufficient, the fund must go to the only person answering the description in the contract and that is the plaintiff; compare Hunter v. Hunter, 37 Pa. Superior Ct. 311, 319; Hunter v. Hunter, 229 Pa. 349; Keech et al. v. Del. Co. Trust Co., 297 Pa. 442.

Judgment affirmed.

This opinion was written by Judge LINN, prior to his appointment to the Supreme Court, and has been adopted as the opinion of this Court. F. M. TREXLER, P. J.