Purcell *v.* Metropolitan Life Insurance Company, Appellant.

Argued December 1, 1939. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Owen B. Rhoads,* with him *Francis L. Van Dusen, Dechert, Smith & Clark* and *Harry Cole Bates,* for appellant.

*Arthur S. Arnold,* with him *Benjamin Horrow,* for appellee.

OPINION BY MR. JUSTICE DREW, January 2, 1940:

This is an action in assumpsit instituted by Mary P. Purcell, the designated beneficiary, for the proceeds of an insurance policy upon the life of her husband. The case has been tried three times. At the first trial, the jury returned a verdict for plaintiff which, on defendant's motion, was set aside and a new trial granted by the learned court below, the reasons for which not appearing of record. This court, sustaining one of plaintiff's objections to a ruling on evidence by the learned trial judge, reversed the judgment entered on the verdict rendered for defendant at the second hearing and granted a new trial (*Purcell v. Metropolitan Life Insurance Co.,* 332 Pa. 535). Thereafter the case was again retried and resulted in a verdict for plaintiff. Upon the entry of judgment on that verdict, following dismissal of motions for a new trial and for judgment n. o. v., defendant has taken the present appeal.

On July 2, 1931, the defendant issued its policy of life insurance, in which the insured reserved the right to change the beneficiary. The policy provided, inter alia, that the premiums were payable in semi-annual installments of $55.45 each on the second days of January and July of each year. The first premium was paid

by insured when the policy was issued, but when the second premium fell due on January 2, 1932, payment was not made. However, in the following March, the insured obtained a reinstatement of the policy under an arrangement whereby the premiums were to be paid quarterly, and at the same time he paid defendant company $28.25 as the past due quarterly payment of January 2, 1932. The next payment in the same amount became due on April 2, 1932. The insured died on June 1, 1932. The sole defense raised was that the quarterly premium due April 2, 1932, had not been paid; and that was the only issue.

The assignments of error raise three classes of questions: first, that the verdict was against the weight of the evidence; second, the right of counsel for defendant to open and conclude the argument to the jury; and third, certain rulings upon the admissibility of evidence. We have carefully considered all of these objections and find no merit in any of them.

The principal contention of defendant is that the learned trial judge erred in refusing to permit defendant's assistant manager to testify to declarations alleged to have been made by the insured to the witness, practically daily within a period of six days immediately prior to May 2, 1932, and for twenty-eight days thereafter, that the policy had lapsed, that insured was financially unable to reinstate it but that he hoped to do so in the future. In this we can find no error, for it is well settled that in a suit upon a life insurance policy by the designated beneficiary, there is no legal identity of title between the insured and the beneficiary, and the declarations of the deceased insured are generally not admissible against the beneficiary: Wigmore on Evidence, Vol. 2, 2d ed., sec. 1081, p. 599. See also: *Hermany v. Fidelity Mut. Life Assn.*, 151 Pa. 17, 18; *Stein v. New York Life Insurance Co.*, 116 Pa. Superior Ct. 109, 116; *Arnold v. Metropolitan Life Insurance Co.*, 20 Pa. Superior Ct. 61, 68. Such utterances are admis-

sible, however, when part of the res gestae: *Eaton v. New York Life Insurance Co. of New York,* 315 Pa. 68, 79. Declarations of the insured are excluded particularly where the defense is based upon forfeiture for non-payment of premiums, or abandonment of the contract: Couch, Cyc. of Insurance Law, Vol. 8, sec. 2206, pp. 7143, 7144; Cooley's Briefs on Insurance, 2d ed., Vol. 4, p. 3870.

Whether the insured retains the right to change the beneficiary or not, the legal rights when viewed after the death of the insured are between the insurer and the beneficiary. The beneficiary is suing, as a party to the contract, in her independent right, which does not depend on nor is it representative of any right of the insured: *Hamill v. Supreme Council,* 152 Pa. 537, 542. See also: *Hermany v. Fidelity Mut. Life Assn.,* supra. In *Oplinger v. New York Life Insurance Co.,* 253 Pa. 328, where, as in the instant case, the policy in question permitted the insured to change the beneficiary, this court sustained the exclusion of testimony of declarations by the insured concerning his state of health, made after the policy was issued. There it was said (p. 332) : "No matter what the law may be in other jurisdictions, it is established with us that the declarations of an insured, made after the policy has gone into force, cannot be received in evidence to affect the rights of the designated beneficiary, in a suit by the latter to enforce the contract of insurance." See also: *Evans v. Penn Mutual Life Insurance Co. of Philadelphia,* 322 Pa. 547, 556. In *Kuhns v. New York Life Ins. Co.,* 297 Pa. 418, 427, it was contended that this rule did not apply since the policy there in question provided certain benefits for the insured if illness followed the issuance of the contract, and therefore such a declaration was admissible as a self-harming statement. This argument we rejected and again reiterated the principle as enunciated in *Oplinger v. New York Life Insurance Co.,* supra, and *Hermany v. Fidelity Mut. Life Assn.,* supra.

592

An examination of the offer here under consideration clearly shows that it was too broad and remote to admit the testimony embraced by it as part of the res gestae. It was attempted to show that the alleged declarations of the insured were uttered over a considerable period of time prior to and following the expiration of the grace period of thirty-one days from the time the premium of April 2, 1932, fell due. Here the issue was whether the contract of insurance had been forfeited because the insured had not paid the premium of April 2, 1932, by May 2, 1932, the date of the expiration of the grace period. Statements which may have been made by the insured six days prior to or some twenty days after the event of forfeiture were so remote in time as to be clearly inadmissible. They could not possibly have been admitted as contemporaneous, spontaneous exclamations growing out of and explanatory of the event, nor as declarations directly connected with and forming part of the res gestae. Since part of the testimony included in the offer was patently inadmissible, and the evidence was offered as a whole, it was not error for the learned trial judge to reject the whole: *Wharton v. Douglass,* 76 Pa. 273, 276; *Smith v. Arsenal Bank,* 104 Pa. 518, 521; *Adam Jacoby & Brother v. Westchester Fire Insurance Company of New York,* 10 Pa. Superior Ct. 171, 183.

Judgment affirmed, at appellant's cost.