## McLane Estate

*Thomas & Walker*, for petitioner.
*Vincent J. Pepicelli*, for respondent.

CHERRY, J., (Forty-sixth Judicial District, Specially Presiding), October 8, 1964.—This action was instituted in the Orphans' Court of Crawford County by the Metropolitan Insurance Company (hereinafter called "Company"), which seeks to recover money allegedly paid by mistake to the First National Bank of Meadville (hereinafter called "executor"), upon a lapsed life insurance policy of its decedent, which named his estate as beneficiary.

The record establishes the following facts:

Shortly after its decedent's death, the executor filed claim upon the policy; and the company, believing the policy to be in force, made payment thereon a few weeks after that. A week or so later, some eight or nine weeks after decedent's death, the company discovered that its electronic computer had erred, in that it erroneously indicated payment of premiums to the time of decedent's death. In fact the policy had lapsed some years prior thereto. Its immediate request for return of the money was refused by the executor, who raises the following questions:

1. This court has no jurisdiction to try the matter;

2. The officer of the company who testified to the facts underlying this claim, was rendered incompetent as a witness, by the Act of May 23, 1887, cl. (e), 28 PS §322, because he is a policyholder in the company;

3. Restitution can not be ordered because the estate might be insolvent, and to so order would then prejudice other persons—creditors of decedent and the estate;

4. In the event that restitution is ordered executor should not be required to pay interest on the money, it being without fault in the situation.

As to the first question, section 301 of article III, Act of August 10, 1951, P. L. 1163, as amended, 20 PS §2080.301, provides that:

"The orphans' court shall have exclusive jurisdiction of: ........ the adjudication of the title to personal property in the possession of the personal representative ........."

This leaves no room to question this court's jurisdiction in the instant case. In Keyser's Estate, 329 Pa. 514, it was held that where the title to personal property was in dispute, the orphans' court has jurisdiction to determine who was in possession of disputed property in any way going into the possession of the personal representative of decedent *after his death as a part of his estate.* See also Rogan Estate, 394 Pa. 137, and Webb Estate, 391 Pa. 584, which settled the question of jurisdiction even after the Act of 1951 became effective.

Nor do we find any problem with determination that the officer and policyholder of the company was a competent witness. The dispute involves facts and circumstances arising only after the death of the decedent. Payment upon the policy was made after his death, upon the erroneous finding by the electronic computer that premiums had been paid to the date of decedent's death, when in fact *no policy was in being.* By no stretch of the imagination can it be said that a *right* of decedent, passing to the executor, is involved in this dispute. No contract between the decedent and the company existed at his death. No right to payment of any kind then existed. Therefore, the Act of 1887 is not at all involved. Even though we were to consider the existence of a "policy," it is equally certain that the witness remained competent. In Fulforth vs. Prudential Insurance Company of America, 147 Pa. Superior Ct. 516, the court declared, at page 528:

"While the policy insured the life of [the decedent] Graham Fulforth, *he had no interest in its proceeds that would descend to his estate, apart from the designation of his executor or administrator as the one entitled to*

the insurance on his death . . . 'While it [the policy] is his in the sense that his representatives may have it derivatively from him, *their title* to it is peculiar to themselves' . . . *The right sued upon did not come* into being until his death . . ." (Italics supplied).

See also Hamill vs. The Supreme Council, 152 Pa. 537, and Purcell v. Metropolitan Life Insurance Company, 336 Pa. 588, where the court declared:

" . . . it is well settled that in a suit upon a life insurance policy by the designated beneficiary, there is no legal identity of title between the insured and the beneficiary."

With the foregoing determinations it is conclusively found that there was no right of claim to any proceeds whatsoever, the testimony being very clear that payment was made only as a result of the error made by the electronic computer, and not because there was any right in any one to receive such payment. Further, since said payment was induced by a mistake of fact, not only that the terms of the policy required such payment, but that there was no contract in existence at all, it necessarily follows that the executor must make restitution of the money to the company. Restatement, Restitution, inter alia, provides:

"§16. A person who has paid money to another because of an erroneous belief induced by a mistake of fact that in so doing he is performing a contract with the other which is not subject to avoidance, is entitled to restitution of the amount so paid if the transaction is voidable by either party because of the mistake and is avoided.

"§17. A person who has paid money to another in the performance of an agreement with a third person is entitled to restitution from the other if, because of fraud or mistake, the agreement or transfer was ineffective or was voidable and has been avoided, unless

the other gave value therefor or changed his position, without notice of the cause of avoidance.

"§18. A person who has entered into a contract binding upon him and has paid money to the other party thereto under an erroneous belief induced by a mistake of fact that the terms of the contract required such payment, is entitled to restitution from the other, except where the mistake is only as to the time of payment."

It is the court's studied conclusion that no enlargement upon or analyses of the foregoing sections is required to arrive at the determination that the executor must return the money to the company. It would be most inequitable under all of the circumstances, to permit a retention of these monies by the executor, who has no foundation for any claim to the same.

There was no contract in being, the payment was paid under clear mistake, and there is no person who will be harmed as a result of the repayment to the company. In addition, there is nothing to indicate that the mistake was even due to lack of care, and even though it had been so made, this would not be sufficient reason to deny restitution.

In so far as the existence of rights in creditors of the estate and of the executor is concerned, there is nothing to indicate that their position has changed or will be changed as a result of the instant situation; and they will be and remain in the same position as if the company had never made any payment to the executor. See Smith v. Capital Bank and Trust Company, 325 Pa. 369, and cases cited in Pennsylvania annotations to the foregoing sections of Restatement, Restitution. On the other hand, it would also be most inequitable to require the executor to pay interest upon the moneys from the time of their receipt. The executor had reasonable cause to question the duty to return the money, and did not cause any delay after once

asserting its position. Therefore, in the equitable powers of this court, no interest will be granted.